*NEILSON, BENTON & O'DONNELL v. THE IOWA EASTERN R. CO.

MECHANIC'S LIEN: RAILROADS: CONTRACT: EVIDENCE.

TUESDAY, DECEMBER 15

ON REHEARING.

SEEVERS, J.—A rehearing having been granted on the application of the defendant, an argument has been filed on behalf of the Farmers' Loan & Trust Company, which company had been originally made a defendant, because, as we suppose, it was trustee in a mortgage executed by the defendant, and the plaintiffs insisted their lien was superior thereto. This, however, is a mere inference. There is nothing in the abstract which sufficiently shows that said company filed an answer, or appealed from the decree.

The propriety of filing an argument on behalf of said company is not, therefore, apparent. We do not feel called upon to notice said argument, in so far as additional points are made to those made by counsel for defend-

*For original opinion in this case see page 184, *ante*. This opinion should have followed immediately after that one, but was omitted through mistake.—[REPORTER.

ant, except to say that the trust company insists, as we understand, that the lien cannot be established because it was not claimed on the franchise; the argument being that a railroad company is an entirety, the franchise being included therein, and that the lien must be claimed and established on such entirety. The conclusion reached must, we think, assume that rolling stock and the franchise are real estate. In the argument of the defendant, and only party besides the plaintiffs to this record, it is insisted such stock and franchise are not real estate. With what is said in the foregoing opinion as to the rolling stock we are content. As the plaintiffs do not insist that the franchise is real estate, or that they can have a lien thereon, and as the defendant insists that it is not, we have merely to say that in order to avoid taking the time and space necessary to discuss the question we adopt the view of the latter.

It is said we misunderstood the position of counsel for the defendant, and because there were some grounds for the claim made a rehearing was granted.

If we now understand counsel the principal labored thought in the petition for a rehearing is that the contract must in terms " include furnishing the materials, and the use ;" and that as the contract was in writing parol evi- was not admissible to show the " use." It is further insisted the referee found as a fact there was no other contract than the writing, and, therefore, the parol evidence showing the " use" was disregarded by him.

The referee found the ties were furnished under a written contract. Such contract contained stipulations as to when and where the ties were to be delivered, and the mode of payment. The referee also found there was " no proof of any other contract or agreement than was inferable from the relation of the parties, the subject-matter of the contract, the time, place and manner of delivery, the manner of ascertaining the amount due, and the source and terms of payment." It was also found that a con- siderable portion of the ties was used in the construction of the road. There was parol evidence under which the latter finding can well be sustained. If the finding as to the " use " was based on parol evidence, it was justified, and such evidence, we think, was admissible, as we said in the foregoing opinion. The statute only requires that the materials should be " furnished under and by virtue of a contract." Such contract must include the use; but it is not required or essential such use should be spec- ified. If it was so specified in the contract, and the materials were used in the construction of a different building without the knowledge of the material-man, it would not follow that he was therefore deprived of a lien. The materials are first furnished, then follows the use. If the use is incon- sistent with, or contrary to, the terms of the contract, a serious question might possibly arise. Such, however, is not the case here, and we think it was competent to establish the use by parol evidence. Such evidence was not contradictory to nor did it vary or add to the writing. Its only tendency was to aid in the interpretation of the contract and apply the use to the subject-matter. But if the referee excluded or did not rely on the parol evidence, we think he was justified in inferring the use from the

contract, subject-matter, relation of the parties, the time and place of delivery, together with the modes of payment. The referee could well infer, and he was justified in inferring, that the ties were contracted to be used in constructing the road, and were furnished for that purpose and "use." This thought is vigorously assailed by counsel, but further reflection has confirmed our views in this respect.

It is said the petition states that the ties were "furnished and used," and, because some of them were not used, no recovery can be had for those not used, because as to such the action was not brought in time. If materials are furnished for an erection or improvement, and some of them used, all, in contemplation of law, are used, and it is proper to so aver. When the contract is entered into for a given quantity of material for the erection of a building, and the same is furnished, the material-man is entitled to a lien. It is not his duty to see that the material is actually used in constructing the building. As to him it is used when furnished under and in pursuance of the contract, and he may and should so aver in the petition seeking to establish a lien. There is no pretense but that the original petition was filed in time.

If we understand counsel, it is insisted that the lien filed with the clerk must be adopted and enforced by the decree. We endeavored to show in the foregoing opinion that, as between the plaintiff and defendant, it was immaterial whether any such statement was filed, and that, therefore, a variance between the one filed and the petition and decree, was wholly immaterial. If this view is controverted by counsel it has escaped our notice; but it is said if the lien statement is treated as abandoned, then the other defendants have certain rights which will be prejudiced thereby. To this we think it may be said that there are no parties known to this record but the defendant, because none others have appealed, as has been before said. Had they done so the point made could, with propriety, have been urged.

It is said the position of counsel as to the extent of the lien has been misunderstood; that they never claimed there was such a thing as a mechanic's lien on the line of a railroad, and that it can only rest on real estate; but they now say the "franchise * * is property." In their former argument it was claimed "the lien is not upon the franchise. A franchise is not real estate, though the possession of a franchise may give the owner of it the power to acquire and hold real estate, and the lien law of the Revision gave a mechanic's lien upon land." If there is any evidence showing the defendant owned any other real estate than that on which the lien was claimed it has escaped our notice. If, then, the lien was claimed on all the land, what was there besides on which it could be claimed unless it was the franchise and paper line, and counsel concede it could not be claimed or granted on either of these. The plaintiffs were not bound to wait until the road was completed, or the defendant had obtained more land, for it may never do either.

It is said that the fact that more ties were contracted for than were required for or used in construction is evidence the ties were intended for a road much

longer than that which was actually constructed, on which only the lien was claimed. We think this is so. But when the contract was made the defendant contemplated the erection of a larger house than was constructed, and it was also contemplated that the defendant would acquire additional real estate on which such larger house could be erected. Now, as the plaintiffs have only claimed a lien on all the real estate the defendant had, and not on that which has not yet been obtained, it is said they are not entitled to a lien at all. Logically, the argument amounts to this : If a person contracts for more materials, by mistake or otherwise, than he sees proper to put into the building, that a lien cannot be claimed for the materials not used. We cannot subscribe to such doctrine.

We regret the length of this opinion, but because of the commendable zeal of counsel it has seemingly been required. The result is the former opinion is

ADHERED TO.